COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Craig Lynn Beal v. The State of Texas

Appellate case number:    01-12-00896-CR

Trial court case number:  1793757

Trial court:                        County Criminal Court at Law No. 8 of Harris County

The reporter's record was originally due on November 12, 2012. Numerous orders have issued and hearings have been held. In July 2015, a supplemental clerk's record was filed, containing agreed findings of fact and conclusions of law, finding that the court reporter, Sondra Humphrey, refused to tender her notes or tapes and that the reporter's record was lost or destroyed. Judge Sherman Ross concluded that appellant was entitled to a new trial.

On September 10, 2015, Sondra Humphrey, tendered a master index, two volumes of voir dire and trial transcript, and a volume of exhibits. The Clerk's Office rejected this tender because the index volume did not contain any of the listed exhibits. In its notice, the Clerk's Office directed the court reporter to correct the deficiency and to re-submit the corrected reporter's record.

On September 11, 2015, appellant, Craig Beal, filed a motion to reinstate the appeal, and asked that we follow the findings and conclusions of Judge Ross. On the same date, the State filed an objection to Beal's motion, asking that we deny the motion to reinstate, noting that all but the exhibit volume of the reporter's record had been filed, and asking that we remand to Judge Ross, to have him withdraw his findings and conclusions.

On September 14, 2015, Humphrey re-submitted the reporter's record and it contained all exhibits. However, the record contained a number of errors. On November 5, 2015, this Court issued an order, listing the errors, and directing Humphrey to file a corrected reporter's record on or before November 24, 2015. The reporter's record has not been filed.

We direct the judge of the County Criminal Court at Law No 8 to conduct a hearing at which **Sondra Humphrey**, court reporter, appellant's counsel, and counsel for the State shall participate (a) to determine whether the defects in the record can be corrected, and (b) whether the corrections are necessary to the resolution of the appeal. TEX. R. APP. P. 34.6(e)(2). If the trial court finds the defects cannot be corrected and these corrections are necessary to the resolution of the appeal, the trial court may find under Rule 34.6(f) that a significant portion of

the court reporter's notes and records has been lost or destroyed and if so, the appellant may be entitled to a new trial. *See* TEX. R. APP. P. 34.6(f).

We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.


Judge's signature: /s/ <u>Harvey Brown</u>
                        ☒ Acting individually     ☐ Acting for the Court


Date: December 8, 2015